85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terrance WALTON, Plaintiff-Appellant
v.
RITE AID OF OHIO, INC., Defendant-Appellee.
 No. 95-3036.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges; HULL, District Judge.[1]
 
 
 2
 HULL, District Judge.
 
 
 3
 Terrance Walton appeals from the district court's order granting summary judgment to defendant Rite Aid of Ohio, Inc. in this action for racial discrimination/wrongful termination of employment. For the reasons which follow, we affirm.
 
 
 4
 Mr. Walton, an African American, was hired by Rite Aid as an assistant store manager in August of 1991. After training at various stores, he was promoted to manager of store 2636 in April of 1992. In August of 1992, his employment was terminated because his store did not meet company standards for neatness and cleanliness; because an investigation into the loss of $120.00 from his store on August 18, 1992, revealed that he had violated company policy by allowing cashiers to verify the cash in their own drawers; and because he was found to have violated company policy by allowing unauthorized persons in the store office. Mr. Walton was replaced by another African American.
 
 
 5
 After exhausting his administrative remedies, Mr. Walton filed this suit for racial discrimination, bringing claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Supp.1991); the Civil Rights Act of 1866, 42 U.S.C. § 1981; and Section 4112.99 of the Ohio Revised Code. He claimed that the reasons given for his discharge were a pretext for racial discrimination because white store managers with similar problems were not terminated.
 
 
 6
 Rite Aid moved for summary judgment, contending that the plaintiff could not establish a prima facie case of race discrimination. It supported its motion with two affidavits and a copy of Mr. Walton's deposition. Rite Aid's Division Manager, Martin Pavlic, who had made the decision to terminate Mr. Walton's employment, attested that he had repeatedly warned Mr. Walton that the conditions of his store were unacceptable; that Mr. Walton had violated company policies by allowing cashiers to verify the cash in their own drawers and by permitting unauthorized persons to enter the store office; that Mr. Walton's race had nothing to do with the decision to discharge him; that another African American had been hired to replace him; that no white manager who had both missing money and problems with store conditions had been retained; and that he knew of several white managers with problems similar to Mr. Walton's who also had been discharged. Alan Thorne, Security Manager for Rite Aid, corroborated Mr. Pavlic's evidence about the conditions of store 2636 and Mr. Walton's security violations.
 
 
 7
 After his response time had expired, Mr. Walton moved for an extension of time in which to answer the summary judgment motion. The motion was denied as untimely and the district court ruled without the benefit of his reply.
 
 
 8
 In appealing to this Court, Mr. Walton first contends that Rite Aid's motion was insufficient to establish the absence of a material factual dispute. We disagree. The district court correctly stated that, in order to establish a prima facie case, Mr. Walton had to prove that he belonged to a protected minority; that he was qualified for the position of store manager; that, despite his qualifications, he was terminated by Rite Aid; and that he was replaced by a person who was not a minority. As an alternative to the fourth element, he could establish a prima facie case if he could show that a comparable non-minority store manager was not terminated. See Mitchell v. Toledo Hospital, 964 F.2d 577, 582-83 (6th Cir.1992). Mr. Pavlic's unopposed affidavit proved that Mr. Walton could not meet either alternative fourth element of the prima facie case. However, even if Mr. Walton were found to have made out a prima facie case of race discrimination, Rite Aid's affidavits rebut any presumption in his favor by articulating legitimate, non-discriminatory reasons for his discharge.
 
 
 9
 Mr. Walton's second assignment of error is that the district court's ruling was not based upon all of the evidence in the record. If the court had read his entire deposition, instead of the selected portions relied upon by Rite Aid in support of its motion, it would have seen that Mr. Walton had named certain non-minority store managers who had not been discharged despite having had problems similar to his. He points out that Mr. Pavlic's affidavit did not address the specific instances he had raised in his deposition.
 
 
 10
 This argument is equally without merit. The trial court was not obligated to sift through the entire record to determine whether or not a material factual dispute existed. Street v. J.C. Bradford & Company, 886 F.2d 1472, 1479-80 (6th Cir.1989). The burden was on Mr. Walton, the non-moving party, to call the court's attention to the disputed evidence. Sixty Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987). However, even if the district court had read Mr. Walton's entire deposition, we find that it did not contain evidence of comparable white store managers guilty of exactly the same combination of infractions.
 
 
 11
 Finally, Mr. Walton contends that the district court erred in denying him an extension of time in which to file his response to Rite Aid's dispositive motion. He concedes that his motion was filed ten days late, but points out that when his response to the summary judgment was finally filed (after the district court's ruling), it did contain evidence of non-minority store managers who were not discharged although they had similar problems.
 
 
 12
 We note that the Local Rules for the Northern District of Ohio allow a motion to be denied solely because it is not timely filed. The district court was well within its discretion in denying Mr. Walton's belated motion for an extension of time.
 
 
 13
 Accordingly, the district court's opinion is affirmed in all respects.
 
 
 
 [1]
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation